1  CHAD C. COUCHOT
   Nevada Bar No. 12946
2  SCHUERING ZIMMERMAN & DOYLE, LLP
   400 University Avenue
3  Sacramento, California  95825-6502
   (916) 567-0400
4  FAX:  568-0400

5  AIMEE CLARK NEWBERRY
   Nevada Bar No. 11084
6  CLARK NEWBERRY
   410 S. Rampart Blvd., Suite 390, Office #308,
7  Las Vegas, NV 89145
   (702) 608-4232
8
   Attorneys for Defendants NAPHCARE, INC.; ELOY ITUARTE, M.D.; PORSCHE
9  HILL, RN AND FRANK AKPATI, NP (ERRONEOUSLY NAMED AS FRANK AKPATY)

10

11                    IN THE UNITED STATES DISTRICT COURT
                              DISTRICT OF NEVADA
12

13  JOSE ANTONIO RODRIGUEZ,              )  No.    3:21-cv-00185-MMD-CSD
                                         )
14              Plaintiff,               )  **STIPULATED    PROTECTIVE**
                                         )  **ORDER**
15  vs.                                  )
                                         )
16  NAPHCARE,  INC.;  FRANK  AKPATY, NP; )
    PORSCHE HILL, RN; ELOY ITUARTE, M.D.;)
17  WASHOE COUNTY SHERIFF'S DEPT.; AND   )
    DARRIN BALAAM                        )
18                                       )
                Defendants.              )
19  _____  )

20

21        Plaintiff seeks to obtain, inspect and copy documents and/or things which

22  Defendants  NAPHCARE, INC.; ELOY ITUARTE, M.D.; PORSCHE HILL, RN AND

23  FRANK AKPATI, NP (hereinafter "NAPHCARE") contends contains private and

24  sensitive information, confidential information of NAPHCARE, its officers and

25  employees, its internal investigative and administrative actions, and other

26  confidential information. Pursuant to an agreement by the Parties, the Court hereby

27  enters the following Order for Protection (Protective Order):

28  ///

STIPULATED PROTECTIVE ORDER                                            -1-

## TERMS OF PROTECTIVE ORDER

### I. DEFINITIONS

The following definitions apply to the Protective Order:

1. Party. Any party to this action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel.

2. Disclosure or Discovery Material. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3. "Confidential" Information or Items. Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the law enforcement investigative and/or official information privileges, or that contain Criminal History Information, personal information regarding individuals including Social Security Numbers, dates of birth and information which a person would have a reasonable expectation of privacy. Confidential information shall also include information concerning, regarding, or as a result of covert or undercover law enforcement investigation(s) technique(s), method(s) or source(s), including the identity of any confidential informant, intelligence report, undercover officer information, or information referring to any undercover or active criminal investigations. Further, Confidential information shall also include any information protected from disclosure under Donrey v. Bradshaw, 106 Nev. 630 (1990) or an official or executive information privilege. Confidential information shall also include employee information, employee medical information, and employee disciplinary action, including any internal investigation concerning employee actions.

4. Receiving Party. A Party that receives Disclosure or Discovery Material or Confidential Information from a Producing Party.

5. Producing Party. A Party or third-party that produces Disclosure or

STIPULATED PROTECTIVE ORDER

-2-

1   Discovery Material or Confidential Information in this action.

2       6. Designating Party. A Party or third-party that designates information or
3   items that it produces in disclosures or in responses to discovery as "Confidential."

4       7. Protected Material. Any Disclosure or Discovery Material or Confidential
5   Information that is designated as "Confidential."

6       8. Outside Counsel. Attorneys who are not employees of a Party but who
7   areretained to represent or advise a Party in this action.

8       9. House Counsel. Attorneys who are employees of a Party.

9       10. Counsel (without qualifier). Outside Counsel and House Counsel (as
10  well as their support staffs).

11      11. Expert. A person with specialized knowledge or experience in a matter
12  pertinent to the litigation retained by a Party or its Counsel to serve as an expert
13  witness or as a consultant in this action. This definition includes, but is not limited
14  to, a professional jury or trial consultant retained in connection with this litigation.

15      12. Professional Vendor. Person or entity that provides litigation support
16  services (e.g., photocopying, videotaping, translating, preparing exhibits or
17  demonstrations, organizing, storing, retrieving data in any form or medium; etc.)
18  and its employees and subcontractors.

19      13. The use of the singular form of any word includes the plural, and vice
20  versa.

21                                **II. SCOPE**

22      The protection conferred by this Protective Order covers not only Protected
23  Material, but also any information copied or extracted therefrom, as well as all
24  copies excerpts, summaries, or compilations thereof, testimony, conversations, or
25  presentations by parties or counsel to or in court or in other settings that might
26  reveal Protected Material.

27                             **III. DURATION**

28      Even after the termination of this action, the confidentiality obligations

STIPULATED PROTECTIVE ORDER                                    -3-

1  imposed by this Protective Order shall remain in effect until a Designating Party
2  agrees otherwise in writing or a court order otherwise directs.

3  ### IV. DESIGNATING PROTECTED MATERIAL

4  1. Manner and Timing of Designations. Except as otherwise provided herein,
5  or as otherwise ordered, material that qualifies for protection under this Order
6  must be clearly designated before it is disclosed or produced. Designations in
7  conformity with this Order require:

8  a. For information in documentary form. That the Producing Party shall affix
9  the legend "Confidential" on each page that contains Protected Material. If only a
10  portion or portions of the material on a page qualifies for protection, the Producing
11  Party also must clearly identify the protected portion(s) (e.g., by making
12  appropriate makings in the margins or redacting protected portions). A Producing
13  Party that makes original documents or materials available for inspection need not
14  designate them for protection until after the inspecting Party has indicated which
15  material it would like copied and produced. During the inspection and before the
16  designation, all of the material made available for inspection shall be deemed
17  "Confidential." After the inspecting Party has identified the documents it wants
18  copied and produced, the Producing Party must determine which documents, or
19  portions thereof, qualify for protection under this Order, and, before producing the
20  specified documents, the Producing Party must affix the appropriate legend on
21  each page that contains Protected Material. If only a portion or portions of the
22  material on a page qualifies for protection, the Producing Party also must clearly
23  identify the protected portion(s) (e.g., by making appropriated markings in the
24  margins or by redacting protected portions).

25  b. For testimony given in deposition or in other pretrial or trial proceedings.
26  That before the close of the deposition, hearing, or other proceeding, the Party or
27  non-party offering or sponsoring the testimony shall identify on the record all
28  protected testimony and further specify any portions of the testimony that qualify

1     as "Confidential." When it is impractical to identify separately each portion of

2     testimony that is entitled to protection, the Party or non-party that sponsors, offers,

3     or gives the testimony may invoke on the record (before the deposition or

4     proceeding is concluded) a right to have up to thirty (30) days to identify the

5     specific portions or the testimony as to which protection is sought. Only those

6     portions of the testimony that are appropriately designated for protection under the

7     standards set forth herein within the thirty (30) days shall be covered by the

8     provisions of this Protective Order. Upon request of a Designating Party, transcript

9     pages containing Protected Material must be separately bound by the court

10     reporter, who must affix to the top of each such page the legend "Confidential" as

11     instructed by the Party or non-party offering or sponsoring the witness or

12     presenting the testimony.

13         c. For information produced in some form other than documentary, and for

14     any other tangible items. That the Producing Party affix in a prominent place on the

15     exterior of the container or containers in which the information or item is stored

16     the legend "Confidential." If only portions of the information or item warrant

17     protection, the Producing Party, to the extent practicable, shall identify the

18     protected portions.

19         2. Inadvertent Failure to Designate. Inadvertent failure to identify documents

20     or things as "Confidential" pursuant to this Protective Order shall not constitute a

21     waiver of any otherwise valid claim for protection, provided that the provisions of

22     this paragraph are satisfied. If the Designating Party discovers that information

23     should have been but was not designated "Confidential" or if the Designating Party

24     receives notice that would enable the Designating Party to learn that it has

25     disclosed such information, the Designating Party must immediately notify all other

26     parties. In such event, within thirty (30) days of notifying all other Parties, the

27     Designating Party must also provide copies of the "Confidential" information

28     designated in accordance with this Protective Order. After receipt of such

STIPULATED PROTECTIVE ORDER                                                                -5-

re-designated information, the "Confidential" information shall be treated as required by this Protective Order, and the Receiving Party shall promptly, but in no event more than fourteen (14) calendar days from the receipt of the re-designated information, return to the Designating Party all previously produced copies of the same unlegended documents or things. The Designating Party and the Parties may agree to alternative means. The Receiving Party shall receive no liability, under this Protective Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

## V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

1. Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. The challenging Party must give the Designating Party an opportunity of not less than ten (10) calendar days to review the designated material, to reconsider the circumstances, and, if no change in the designations is offered, to explain in writing the basis for the confidentiality designation.

2. Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a third-party in connection with this case solely for the limited purposes of prosecuting, defending, attempting to settle, or settling this action. Such Protected Material may be disclosed only to the

STIPULATED PROTECTIVE ORDER                                                    -6-

1   categories of persons and under the conditions described in the Protective Order.
2   Protected Material must be stored and maintained by a Receiving Party at a
3   location and in a secure manner that ensures that access is limited to the persons
4   authorized under this Protective Order.

5       2. Disclosure of "Confidential" Information or Items. Unless otherwise
6   ordered by the Court or permitted in writing by the Designating Party, a Receiving
7   Party may disclose any information or item designated Confidential only to:

8   a. The Parties to this action and the Receiving Party's Outside Counsel of record in
9   this action, as well as employees of said Counsel to whom it is reasonably
10  necessary to disclose the information for this litigation. Counsel of Record shall be
11  responsible for advising all of their staff of the existence of, and their confidentiality
12  obligations under, the Protective Order, and shall be responsible for any
13  non-compliance with the Protective Order by members of their staff that have not
14  signed an agreement to be bound by the Protective Order; b. The officers,
15  directors, and employees of the Receiving Party to whom disclosure is reasonably
16  necessary for this litigation and who have signed or have agreed under oath and
17  on the record to be bound by the "Agreement to Be Bound by Protective Order"
18  (Exhibit A);

19      c. Experts of the Receiving Party to whom disclosure is reasonably
20  necessary for this litigation and who have signed or have agreed under oath and
21  on the record to be bound by the "Agreement to Be Bound by Protective Order"
22  (Exhibit A);

23      d. The Court and its personnel;

24      e. Court reporters, their staffs, and Professional Vendors to whom disclosure
25  is reasonably necessary for this litigation;

26      f. During their depositions or at trial, witnesses in the action to whom
27  disclosure is reasonably necessary. Witnesses will not be permitted to retain
28  copies of Protected Material unless they have signed or agreed under oath and on

STIPULATED PROTECTIVE ORDER                                                          -7-

1    the record to be bound by the "Agreement to Be Bound by Protective Order"

2    (Exhibit A). Upon request of a Designating Party, pages of transcribed deposition

3    testimony or exhibits to depositions that reveal Protected Material must be

4    separately bound by the court reporter and may not be disclosed to anyone except

5    as permitted under this Protective Order; and

6         g. The author of the document or the original source of the information and

7    recipients or addressees in the normal course of business.

8    Notwithstanding the preceding of this paragraph VI(2), a Party that has produced

9    its, his or her own Protected Material may disclose such Protected Material to any

10    persons, with or without any conditions placed upon such disclosure, as the Party

11    deems appropriate.

12         3. Trial and Dispositive Motion Disclosure: For the purpose of trial and/or

13    dispositive motions, the parties acknowledge that a "strong presumption in favor

14    of access" exists. A party seeking to seal a judicial record at trial and/or the

15    dispositive motions stage bears the burden of establishing "compelling reasons" by

16    "articulating compelling reasons supported by specific factual findings," that

17    outweigh the public policies favoring disclosure.'

18         4. Disclosure of Possession of Confidential Information. All persons

19    described in paragraph VI above shall not under any circumstances sell, offer for

20    sale, advertise, or publicize either the Confidential Information or the fact that such

21    persons have obtained Confidential Information.

22    **VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**
23                                    **OTHER LITIGATION**

24         If a Receiving Party is served with a subpoena or an order issued in other

25    litigation that would compel disclosure of any information or items designated in

26    this action as "Confidential" the Receiving Party must so notify the Designating

27    Party, in writing (by fax or email if possible) immediately and in no event more

28    than seven (7) calendar days after receiving the subpoena or order. Such

1  notification must include a copy of the subpoena or court order. The Receiving
2  Party also must within ten (10) calendar days inform in writing the party who
3  caused the subpoena or order to issue in the other litigation that some or all the
4  material covered by the subpoena or order is the subject of this Protective Order
5  and deliver to such party a copy of this Protective Order. The Designating Party
6  shall bear the burdens and the expenses of seeking protection in that court of its
7  Confidential material — and nothing in these provisions should be construed as
8  authorizing or encouraging a Receiving Party in this action to disobey a lawful
9  directive from another court. Once notice is given, and five business days have
10 elapsed, the receiving party shall have no further liability for disclosure pursuant
11 to a subpoena or its equivalent.

12 **VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13      If a Receiving Party learns that, by inadvertence or otherwise, it has
14 disclosed Protected Material to any person or in any circumstance not authorized
15 under this Protective Order, the Receiving Party must immediately and within not
16 more than seven (7) calendar days: (a) notify in writing (using best efforts to use
17 email or fax) the Designating Party of the unauthorized disclosures, (b) use its best
18 efforts to retrieve all copies of the Protected Material, (c) inform the person or
19 persons to whom unauthorized disclosures were made of all the terms of the
20 Protective Order, and (d) request such person or persons to execute the
21 "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Receiving Party
22 shall promptly notify the Designating Party of the results of its efforts with regards
23 to (b), (c), and (d) herein. After a good faith meet and confer effort to resolve any
24 remaining disputes concerning compliance with this paragraph, and Party,
25 Receiving Party or Designating Party may seek relief from this Court for
26 non-compliance with this provision. Said relief may include, but is not limited to,
27 preclusion of the Receiving Party's use in this litigation of the Protected Material
28 that was disclosed contrary to this Protective Order, or any other sanction deemed

STIPULATED PROTECTIVE ORDER                                                    -9-

1  appropriate by the Court.

2  **IX. PUBLICLY AVAILABLE OR PREVIOUSLY POSSESSED INFORMATION**

3        The restrictions in the preceding paragraphs regarding disclosure or

4  Protected Material do not and shall not apply to information or material that: was,

5  is, or becomes public knowledge in a manner other than by violation of the

6  Protective Order, is acquired by the non-designating party from a third-party having

7  the right to disclose such information or material; or was lawfully possessed by the

8  non-designating party before the date of this Protective Order. The Designating

9  Party shall act in good faith to notify the Receiving Party of any change in

10  circumstances that renders Confidential Information or Items no longer

11  Confidential within a reasonable time period after the change becomes known to

12  the Designating Party.

13  **X. FILING PROTECTED MATERIAL**

14        With respect to non-dispositive motions and pleadings, Protected Material

15  or information derived therefrom is included with, or the contents of such a

16  document are disclosed in, any documents filed with the Clerk or this Court or any

17  other court, the filing Party shall file said document under seal and in accordance

18  with Local Rule 10-5(b). Unless otherwise agreed by the Parties to permit service

19  by some other means such as by email or facsimile, copies of any pleading, brief

20  or other document containing Protected Material that is served on opposing

21  counsel shall be delivered in a sealed envelope stamped:

22  **CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

23  and shall be treated in accordance with the provisions of this Protective Order.

24  Subject to the Court's convenience and needs, all material files in this fashion will

25  be kept under seal by the Clerk until further order from the Court.

26  **XI. FINAL DISPOSITION**

27        Unless otherwise ordered or agreed in writing by the Producing Party, within

28  sixty (60) calendar days of a written request, after the final termination of this

action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) calendar day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth herein. In the event of an appeal, "Final Disposition" shall not occur until the conclusion of all appeals.

## XII. ADDITIONAL PROVISIONS

1. Modification. The Parties may modify this Protective Order by written agreement, subject to approval by the Court. The Court may modify this Protective Order.

2. Right to Assert Other Objections. This Protective Order does not affect or waive any right that any Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, this Protective Order does not affect or waive any Party's right to object on any ground to use in evidence any of the material covered by this Protective Order.

1      3. Privileges Not Waived. This Protective Order does not affect or waive any

2  applicable privilege or work product protection, or affect the ability of a Producing

3  Party to seek relief for an inadvertent disclosure of material protected by privilege

4  or work product protection.

5      4. Third Party Protections. Any witness or other person, firm, or entity from

6  which discovery is sought may be informed of and may obtain the protection of

7  this Protective Order by written notice to the Parties' respective counsel or by oral

8  notice at the time of any deposition or similar proceeding.

9      5. Obligations to Third Parties. Nothing herein shall operate to relieve any

10  Party or non-party from any pre-existing confidentiality obligations currently owed

11  by any Party or nonparty to any other Party or non-party.

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

STIPULATED PROTECTIVE ORDER

1       6. Retention of Completed "Acknowledgment and Agreement to Be Bound"

2   Forms (Exhibit A). Completed "Acknowledgment and Agreement to Be Bound"

3   Forms (Exhibit A) ("form") shall be maintained by the Party that obtained the

4   completed form pursuant to this Protective Order. The Party retaining the

5   completed form shall produce the form to resolve any good faith challenge by a

6   Party or Designating Party or dispute concerning whether a person who is

7   obligated under this Protective Order to complete the form did so properly and

8   complied with the representations in the form and this Protective Order. If the

9   parties are unable to resolve any such disputes or challenges through a good faith

10   meet and confer process, the challenging Party or Designating Party may seek

11   appropriate relief from this Court.

12       IT IS SO STIPULATED this 26 day of February, 2022.

13

14

15   CHAD C. COUCHOT                          JOSE ANTONIO RODRIGUEZ
     NEVADA BAR # 12946                       (1903590)
16   Schuering Zimmerman & Doyle, LLP         Washoe County Detention Center
     400 University Avenue                    911 Parr Boulevard
17   Sacramento, CA 95825                     Reno, NV 89512

18

19

20

21

22                                ORDER

23   Paragraph X is modified to reflect that any motion regarding filing confidential
     information and motions to seal shall also comply with the requirements of *Kamakana v.*
24   *City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  *See also, Center for
     Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

25

26   **IT IS SO ORDERED.**

27   DATED: March 22, 2022.

28                                           _____
                                             UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER                                          -13-