# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSIE ANTONIO RODRIGUEZ,

    Plaintiff

v.

NAPHCARE, et al.,

    Defendants

Case No.: 3:21-cv-00185-ART-CSD

**Order**

Re: ECF Nos. 52, 56, 58

    Before the court are three motions filed by Plaintiff: two motions to compel (ECF Nos. 52 and 56) and a motion under Federal Rule of Civil Procedure 56(d)[1] (ECF No. 58). Defendants oppose the two motions to compel. (ECF Nos. 55, 57.)

    For the reasons set forth below, the motions to compel are denied, but the motion under Rule 56(d) is granted in part.

    Plaintiff is an inmate currently incarcerated in the Washoe County Detention Facility (WCDF), who brings this civil rights action pursuant to 42 U.S.C. § 1983. The court screened Plaintiff's complaint and allowed him to proceed with the following claims: (1) a denial of medical care claim against Dr. Ituarte based on allegations that Dr. Ituarte delayed his chemotherapy treatments; (2) a denial of medical care claim against Hill based on allegations that Hill caused him unnecessary pain by removing what turned out to be dissolvable stitches after Plaintiff's implanted chest port had been taken out; (3) a denial of medical care claim against Dr. Akpaty for delaying and denying treatment for hepatitis C; and (4) a denial of

---

[1] Plaintiff refers to the former version of this provision, Rule 56(f).

medical care claim against NaphCare based on an alleged policy to not provide treatment to cure Hepatitis C. (ECF No. 5.)

The court issued the initial discovery plan and scheduling order (DPSO) on January 18, 2022. The DPSO set, among other things, the discovery completion deadline for April 18, 2022, and the dispositive motions deadline for May 18, 2022. (ECF No. 16.) The scheduling order also subjects the parties to mandatory initial disclosures within 60 days of filing an answer or dispositive motion. This includes the production of documents relevant to any claims and defenses.

On April 7, 2022, discovery was extended on Plaintiff's request to July 18, 2022, with a new dispositive motions deadline of August 17, 2022. The court set the deadline to file any discovery motion for August 2, 2022. (ECF No. 30.)

In his motions to compel, Plaintiff seeks production of his complete FIB4/APRI score results as well as the entire NaphCare policies and Procedures manual for the WCDF. These motions to compel suffer from several deficiencies. First, they are untimely because they were filed beyond the August 2, 2022 deadline. Second, Plaintiff did not satisfy the meet and confer requirement set forth in Local Rule 26-6 and IA 1-3(f). A discovery motion must include a declaration setting forth the details and results of the meet and confer conference about each disputed discovery request. Third, as Defendants point out, the documents Plaintiff seeks do not appear to have been set forth in a formal discovery request, despite being advised by Defendants to do so. For these reasons, Plaintiff's motions to compel are denied.

Plaintiff also files a motion for a continuance under Rule 56(d), stating that he needs both the full NaphCare Policies and Procedures Manual for WCDF and his FIB4/APRI scores from March 7, 2019 to the present. Plaintiff's motion is granted insofar as Defendants should have

provided Plaintiff with his relevant medical records as part of their mandatory disclosures. Plaintiff does not demonstrate why the entire NaphCare Policies and Procedures Manual is relevant to his claims and defenses. However, as part of their initial mandatory disclosures, Defendants were at least required to produce any policies related to hepatitis C treatment since Plaintiff is proceeding with a claim that NaphCare denied him adequate medical care based on an alleged policy not provide treatment that can cure hepatitis C. Therefore, the court will require Defendants to produce these items, if they have not already done so, and will grant Plaintiff an extension to file a response to Defendants' motion for summary judgment.

## CONCLUSION

Plaintiff's motions to compel (ECF Nos. 52, 56) are **DENIED**. Plaintiff's motion under Rule 56(d) (ECF No. 58) is **GRANTED IN PART** insofar as Defendants are required to provide Plaintiff with copies of his FIB4/APRI scores from March 7, 2019 to the present, as well as any NaphCare policies and procedures related to the treatment of hepatitis C on or before **September 21, 2022**. Plaintiff's response to Defendants' motion for summary judgment must be filed and served on or before **October 12, 2022**. Defendants' reply brief must be filed and served on or before **October 19, 2022**.

**IT IS SO ORDERED**.

Dated: September 7, 2022

_____
Craig S. Denney
United States Magistrate Judge