# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE ANTONIO RODRIGUEZ,<br><br>    Plaintiff<br><br>v.<br><br>NAPHCARE, et al.,<br><br>    Defendants | Case No.: 3:21-cv-00185-ART-CSD<br><br>**Order**<br><br>Re: ECF Nos. 72, 77, 78 |

Before the court are: (1) Defendants' motion to strike Plaintiff's sur-reply (ECF No. 72); (2) Plaintiff's motion for leave of court to allow Plaintiff's sur-reply (ECF No. 77); and (3) Plaintiff's "motion for leave of court and response to Defendants' sixth supplement to Rule 26 disclosure."

Defendants filed a motion for summary judgment. (ECF No. 53.) Plaintiff filed a response. (ECF No. 61.) Defendants filed a reply. (ECF No. 62.) Defendants then filed a motion for leave to file supplemental evidence in support of their motion, which the court granted, and gave Plaintiff leave to file a response to the supplement on or before October 14, 2022. (ECF Nos. 63, 64.) Defendants filed their supplement on September 28, 2022. (ECF No. 65.)

On October 3, 2022, Plaintiff filed a "Response to Defendants 2nd Response in Summary Judgment and Opposition to Summary Judgment." (ECF No. 67.) This document is not in response to the supplement filed by Defendants, but is a response to Defendants' reply in support of their motion for summary judgment. Defendants have moved to strike this document as an improper sur-reply. (ECF No. 72.)

On October 31, 2022, Plaintiff filed a motion for leave of court to allow his sur-reply, asserting that he was under the impression he was allowed to respond to their reply. (ECF No. 77.) On November 23, 2022, Plaintiff filed a motion for leave of court and response to Defendants' sixth supplement to Rule 26 disclosures. (ECF No. 78.) In this document, Plaintiff asserts that regardless of whether his cancer is in remission or his hepatitis C has cured on its own, NaphCare did not provide Plaintiff with medical treatment, and Plaintiff should be allowed to proceed and Defendants' motion for summary judgment should be denied.

The Local Rules provide for the filing of a motion, response, and reply. LR 7-2(a), (b). A sur-reply, which is a response to a reply brief, is not permitted without leave of court granted for good cause, and motions for leave to file a sur-reply are discouraged. LR 7-2(b), (g). The court may strike supplemental filings made without leave of court. LR 7-2(g).

Here, Plaintiff filed his sur-reply (ECF No. 67) without leave of court, and while he *subsequently* filed a motion for leave to file a sur-reply, this should have been done before the sur-reply was filed. In any event, the motion for leave does not set forth good cause for permitting a sur-reply. Therefore, Defendants' motion to strike (ECF No. 72) is **GRANTED**; Plaintiff's sur-reply (ECF No. 67) is **STRICKEN**; and Plaintiff's motion for leave to file the sur-reply (ECF No. 77) is **DENIED.**

Plaintiff's motion at ECF No. 78 also appears to be a motion to file another sur-reply, but again, good cause has not been demonstrated. Therefore, Plaintiff's motion at ECF No. 78 is **DENIED**. **IT IS SO ORDERED**.

Dated: December 7, 2022

_____
Craig S. Denney
United States Magistrate Judge