UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE ANTONIO RODRIGUEZ,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>NAPHCARE, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:21-cv-00185-ART-CSD<br><br>ORDER |

*Pro se* Plaintiff Jose Antonio Rodriguez brings this action under 42 U.S.C. § 1983. Under the screening order issued by the Court (ECF No. 5), Plaintiff brings four claims: (1) a Fourteenth Amendment conditions of confinement claim for denial of medical care against Defendant Dr. Eloy Ituarte relating to Plaintiff's missed chemotherapy session; (2) a Fourteenth Amendment conditions of confinement claim against Defendant Porshe Hill for improperly removing an object from Plaintiff's chest; (3) a Fourteenth Amendment conditions of confinement claim for denial of medical care against Defendant Frank Akpati for lack of treatment for hepatitis C; and (4) a *Monell* claim against NaphCare for its policy of denying treatment for hepatitis C. Before the Court are the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 92) recommending that Defendants' motion for summary judgment (ECF No. 53) be granted, as well as various additional objections and motions filed by Plaintiff (ECF Nos. 42, 48, 51, 93, 95). Plaintiff filed an objection to the R&R on December 27, 2022. (ECF No. 92.) As explained below, the Court adopts the R&R with respect to the claims relating to the missed chemotherapy and denial of hepatitis C treatment and reverses the R&R with respect to the claim for improper removal of the object in Plaintiff's chest. The Court denies Plaintiff's additional motions.

## I.  DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). However, when a party does serve and file written objections to the R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

The Court adopts the factual summaries set forth in the R&R by reference. Judge Denney recommends granting Defendants' motion for summary judgment on Plaintiff's claim relating to his missed chemotherapy treatment because there is no evidence that Dr. Ituarte was personally responsible for Plaintiff missing his chemotherapy appointment and because subsequent tests demonstrated that Plaintiff's testicular cancer was in remission, meaning Plaintiff suffered no harm from the delay. (ECF No. 91 at 12-14.) Plaintiff argues that "Defendants took an unnecessary risk that was reckless and given more time could've and still can cause irrever[sible] damage to Plaintiff. This on [its] own is enough to [defeat] summary judgment." (ECF No. 92 at 2.) While the Court sympathizes with Plaintiff's position, some showing of injury or physical pain[1] resulting from a

---

[1] The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e).

delayed or missed treatment is required in order to state a claim for a constitutional violation. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (setting forth elements of Fourteenth Amendment deliberate indifference to medical needs). Although understandably distressing, the possibility that Plaintiff's cancer could recur is not an injury for constitutional purposes. Plaintiff is not foreclosed from bringing a later action should his cancer in fact return.

Regarding Plaintiff's claim against Defendant Akpati and his *Monell* claim against Defendant NaphCare, Judge Denney explains that Plaintiff likewise has not shown that any injury has occurred since there is no evidence of injury or harm to Plaintiff due to any alleged delay in treatment of his hepatitis C infection. (ECF No. 91 at 21-22.) Judge Denney notes that Plaintiff's condition and tested APRI levels instead showed continual improvement and that RNA testing performed on September 12, 2022 and November 9, 2022 showed that Plaintiff no longer had hepatitis C. (*Id.*) The Court agrees with Judge Denney that Plaintiff has not shown any injury as required for a Fourteenth Amendment deliberate indifference to medical needs claim. Because there is no underlying constitutional violation, NaphCare cannot be liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016).

Regarding Plaintiff's claim against Defendant Hill for improperly removing the object from Plaintiff's chest, namely the anchor stitch from the port placed in Plaintiff's chest for his chemotherapy treatment, Judge Denney states that he "cannot conclude Hill's decision to remove a stitch that had worked its way out to the skin was objectively unreasonable under the circumstances. There is no evidence that her conduct put Plaintiff at a 'substantial risk of suffering *serious* harm.'" (ECF No. 91 at 18 (emphasis in original).) Plaintiff states that the removal of the stitch was unnecessary since it was designed to dissolve on its own, that

1  its removal caused Plaintiff pain and suffering, and that the removal "left a deep
2  hole in Plaintiff['s] chest leaving Plaintiff with a big scar that can be seen today."
3  (ECF No. 92 at 3-4.)

4  For inadequate medical care claims for pretrial detainees, a "serious
5  medical need" is one "such that a failure to treat a prisoner's condition could
6  result in further significant injury or the unnecessary and wanton infliction of
7  pain." *Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022) (internal quotations
8  omitted). Pretrial detainees are guaranteed a higher standard viz. the Fourteenth
9  Amendment than are convicted prisoners under the Eighth Amendment. *See*
10 *Smith v. Washington*, 781 F. App'x 595, 598 (9th Cir. 2019) (directing the district
11 court to consider whether exposure to environmental tobacco smoke violated
12 pretrial detainee's Fourteenth Amendment rights). The Court disagrees that there
13 is no genuine issue of material fact as to whether Plaintiff has shown injuries
14 "serious" enough for a Fourteenth Amendment claim. A jury should evaluate
15 whether the injuries that allegedly resulted in a permanent scar were "significant"
16 and whether the removal of the stitch constituted "unnecessary and wanton
17 infliction of pain." The Court therefore adopts the R&R with respect to Plaintiff's
18 first, third, and fourth claims and reverses the R&R with respect to Plaintiff's
19 second claim.

20 **II.   CONCLUSION**

21 Plaintiff has filed various objections and motions which remain
22 outstanding, namely: (1) Plaintiff's objection to the May 5, 2022 order (ECF No.
23 37) denying Plaintiff's motion for appointment of counsel (ECF No. 42); (2)
24 Plaintiff's motion for answers from the court on objection to Magistrate (ECF No.
25 48); (3) Plaintiff's objection to the July 26, 2022 order (ECF No. 50) denying
26 Plaintiff's motion to extend discovery (ECF No. 51); (4) Plaintiff's motion for
27 answers and response to objection to Magistrate (ECF No. 93); and (5) Plaintiff's
28 motion for answers and response to objection to Magistrate (ECF No. 95). Because

Plaintiff filed a subsequent motion for appointment of counsel after Plaintiff filed his objection to the May 5, 2022 order denying appointment of counsel, and the Court denied the subsequent motion (ECF No. 89), Plaintiff's objection (ECF No. 42) is denied as moot. The Court overrules Plaintiff's objection (ECF No. 42) to the July 26, 2022 order denying Plaintiff's motion to extend discovery because, as Judge Denney explained, discovery has already been extended in this case. (*See* ECF No. 30.) Finally, Plaintiff's three motions for answers from the Court (ECF Nos. 48, 93, 95) are denied as moot in light of the present order.

Having reviewed the R&R and the record in this case, the Court will adopt the R&R in part and reverse the R&R in part.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 91) is accepted with respect to Plaintiff's claims relating to his missed chemotherapy appointment and his lack of hepatitis C treatment and reversed with respect to Plaintiff's claim relating to the removal of the object from his chest by Defendant Hill.

It is further ordered that Plaintiff's remaining objections and motions (ECF Nos. 42, 48, 51, 93, 95) are denied for the reasons set forth herein.

DATED THIS 16th day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE